# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**PRESIDENT MANUEL**                                                                 **PLAINTIFF**

**V.**                                                         **CAUSE NO.** 3:20-cv-65-CWR-FKB

**JACKSON HMA, LLC**
**MERIT HEALTH CENTRAL DBA**                                                         **DEFENDANT**

## NOTICE OF REMOVAL

**COMES NOW** Defendant Jackson HMA, LLC d/b/a Merit Health Central and hereby gives notice of the removal of this civil action from the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. In support of said Notice of Removal, Jackson HMA would show the following:

1. Now pending in the County Court of Hinds County, Mississippi is a certain civil action entitled *"President Manuel v. Jackson HMA, LLC d/b/a Merit Health/Central Mississippi Medical Center"* bearing civil action number 25CO1:19-cv-05132-LCS on the docket of said Court.

2. This civil action is a slip and fall claim filed by Plaintiff, President Manuel, against Jackson HMA on December 27, 2019; and Plaintiff served Jackson HMA with his Complaint on January 20, 2020. *See Served Summons and Complaint* (a true and correct copy of which is attached hereto as Exhibit 1).

3. The United States District Court for the Southern District of Mississippi, Northern Division is the district and division embracing the place in which the action is pending. 28 U.S.C. § **104(b)(1).**

4. Complete diversity of citizenship exists between Plaintiff and Defendant insofar as Plaintiff President Manuel is a citizen of the State of Mississippi, and Defendant Jackson HMA, LLC is considered a citizen of both Delaware and Tennessee. *See Complaint* (within Exhibit **1).**

5. Under *Harvey v. Grey Wolf Drilling* Co., 542 F. 3d 1077, 1080 (5th Cir. 2008), a limited liability company's citizenship is determined by the citizenships of all of its members. Where a limited liability company has members which are themselves limited liability companies, partnerships, or other entities, the citizenships must be traced down the various organizational layers. *Mullens v. TestAmerica, Inc.,* 564 **F.** 3d 386, 397 (5th Cir. 2009); *Ashley Transp., Inc. v. Catterpillar, Inc.,* 3:11CV469-TSL-MTP, 2001 WL 3876964, at *2 (S.D. Miss Sept. 1, 2011); *Lawson v. Chrysler LW,* 4:08CV19-DPJ-JCS, 2009 WL 961226, at *2 (S.D. Miss. Apr. 7, 2009). Jackson HMA's membership can bet traced to and through the following organizational layers:

   i. Defendant Jackson HMA, LLC's sole member is Mississippi HMA Holdings, LLC. Mississippi HMA Holdings II, LLC's members are Health Management Associates LP and HMA Hospitals Holdings LP.

   ii. Health Management Associations LP's partners are Health Management Associates Inc. and Health Management General Partner LLC. Likewise, HMA Hospitals Holdings LP's partners are Health Management Associates Inc. and Health Management General Partner LLC.

      iii.     Health Management General Partner LLC's sole member is Health Management Associates Inc.

      iv.     Health Management Associates Inc. is a Delaware corporation with its principal place of business located in Franklin, Tennessee.

Thus, Jackson HMA LLC is considered a citizen of both Delaware and Tennessee.

6.    The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as the Complaint demands compensatory damages and punitive damages. *See Complaint* (within Exhibit 1). "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Colony Ins. Co. v. Ropers of Hattiesburg, LLC,* 2011 WL 1226095, at *3 (S.D. Miss. Mar. 29, 2011) (internal citation omitted). It is thus apparent that the amount in controversy is satisfied for the exercise of diversity-of-citizenship jurisdiction.

7.    The Notice of Removal is timely under 28 U.S.C. §1446(b)(1) because it is filed within thirty days of Defendant's receipt of a copy of the Complaint.

8.    Pursuant to 28 U.S.C. § 1446(a) and Local Uniform Civil Rule 5(b), a true and correct copy of the entire state-court record is attached hereto (as Exhibit 2).

In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the state court in which the action was originally filed.

WHEREFORE, PREMISES CONSIDERED, Defendant Jackson HMA, LLC prays that this Notice of Removal, together with the Exhibits hereto, be received and filed, and that the Circuit Court of Hinds County, Mississippi proceed no further herein.

Respectfully submitted this 31st day of January 2020.

Respectfully submitted,

Jackson HMA, LLC Merit Health Central,
DEFENDANT

BY: */s/ Stephen P. Kruger*
STEPHEN P. KRUGER

OF COUNSEL:

STEPHEN P. KRUGER - MSB # 4266
PAGE, KRUGER & HOLLAND, P.A.
10 Canebrake Blvd., Suite 200 [39232-2215]
Post Office Box 1163
Jackson, Mississippi 39215-1163
TELEPHONE: 601-420-0333
FACSIMILE:   601-420-0033
E-MAIL:      skruger@pagekruger.com

## **CERTIFICATE OF SERVICE**

I, STEPHEN P. KRUGER, counsel for Defendant, Jackson HMA, LLC d/b/a Merit Health Central, do hereby certify that I have this day mailed, by United States Mail, a true and correct copy of the above and foregoing to:

>Rod G. Hickman, Esq.
>Hickman Fondren, PLLC
>Post Office Box 149
>Macon, MS  39341

THIS, the 31st day of January 2020.

>*/s/ Stephen P, Kruger*
>STEPHEN P. KRUGER