**IN THE COUNTY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI**

**PRESIDENT MANUEL**                                                            **PLAINTIFF**

V.                                                           CAUSE NO. *19-5132*

**JACKSON HMA, LLC**
**MERIT HEALTH CENTRAL DBA**                              **DEFENDANT**

---

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW, Plaintiff, President Manuel (hereinafter "Mr. Manuel" or "Plaintiff"), by and through counsel, filing this *Compliant for Personal Injury Damages* in the above styled action against, Defendant, Jackson HMA, LLC, Merit Health Central DBA (hereinafter "Merit Health" or "Defendant") for relief from damages arising out of a personal injury and would show unto this Honorable Court the following:

### I. PARTIES

1. Mr. Manuel is a domiciliary of Jackson, Hinds County, MS. Mr. Manuel is a citizen of the United States and Mississippi.

2. Defendant is a limited liability company, doing business in Jackson, Hinds County, Mississippi, upon information and belief, its principle place of business is Franklin, TN. Defendant can be served with service of process through its registered agent, CSC of Rankin County, Inc. at Mirror Lake Plaza; 2829 Lakeland Drive Suite 1502, Flowood, MS 39232.



COMPLAINT FOR DAMAGES    1

## II.   JURISDICTION AND VENUE

3.     This Court has jurisdiction of Plaintiffs' claims pursuant to MS Const. Art. 6, § 156 and Miss. Code Ann. § 9-7-81.

4.     Venue is proper in, and Defendant is subject to the personal jurisdiction of this Court because Defendant maintains facilities and business operations in this County, and upon information and belief all or most of the events giving rise to this action occurred in this County. Miss. Code Ann. § 11-11-3.

## III.   FACTUAL ALLEGATIONS

5.     At all times during the following events Mr. Manuel was an invitee at Merit Health.

6.     On or about October 17, 2018, Mr. Manuel, a 69 year old male, was visiting his, then ill wife, Mrs. Georgia Sellers at Merit Health. Mrs. Georgia Sellers is now deceased.

7.     On this same day, Mr. Manual left Merit Health to retrieve food for himself and his wife.

8.     Mr. Manuel returned to Merit Health after retrieving food and as Mr. Manuel was walking down the hall—without warning—he encountered a liquid substance.

9.     Unaware that this unidentified substance was on the floor, Mr. Manuel's encounter with this substance caused him to slip and lose his balance.

10.    When Mr. Manual slipped and lost his balance he was propelled into the air and he fell.

11.    The fall caused injuries to Mr. Manuel's whole, 69 year old body, especially his back.

12.    After the fall, Mr. Wilson encountered an unidentified hospital patron

that pointed to the substance on the floor and identified it as the cause of Mr. Manuel's fall.

13. Upon information and belief the substance had been on the floor for some time.

14. Mr. Manuel received no provided warnings nor was there notice given regarding the substance and its presence on the floor prior to his fall.

15. As a result of Mr. Manuel's fall he was treated by the professionals at Merit Health and his primary care physician.

### IV.   CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF
Negligence

16. Plaintiffs incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 15, above.

17. Defendant had a duty to maintain the property in a condition that was safe for use by invitees.

18. At all times during the events giving rise to this complaint Mr. Manuel was an invitee.

19. At the time of Mr. Manuel's fall Defendant had either constructive or actual knowledge that there was a wet slippery substance on the floor that could cause harm to Mr. Manuel.

20. Defendant neglected to remove the wet slippery substance or provide warning of the hazard.

21. Because of Defendant's wrongful and negligent acts Mr. Manuel sustained personal injuries to his whole body.

## SECOND CLAIM FOR RELIEF
### Negligence

22.   Plaintiffs incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 21, above.

23.   Defendant had a duty to exercise reasonable care to warn the guest of dangerous conditions.

24.   At all times during the events giving rise to this complaint Mr. Manuel was a licensee.

25.   At the time of Mr. Manuel's fall Defendant had either constructive or actual knowledge that there was a wet slippery substance on the floor that could cause harm to Mr. Manuel.

26.   Defendant neglected to remove the wet slippery substance or provide warning of the hazard.

27.   Because of Defendants wrongful and negligent acts Mr. Manuel sustained personal injuries to his whole body.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. Compensatory damages for Mr. Manuel's medical treatment that were caused by Defendant's wrongful and negligent acts in an amount to be determined at trial;
2. For compensatory damages for Mr. Manuel's emotional pain and suffering, in an amount to be proven at trial;
3. For compensatory damages for Mr. Manuel's physical pain and suffering, in an amount to be proven at trial;
4. For punitive damages in an amount to be determined at trial;

5. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which he has a right to a jury trial.

Respectfully submitted this the 16th day of December, 2019.

**PLAINTIFF**

By Rod G. Hickman, One of His Attorneys

ROD G. HICKMAN, MSB 105527
HICKMAN FONDREN, PLLC
2882 Jefferson Street
Post Office Box 149
Macon, Mississippi 39341
601-202-1185
rod@hickmanfondren.com

M. DENISE FONDREN, MSB 105556
HICKMAN FONDREN, PLLC
404 Galleria Dr, Suite 7
Post Office Box 2518
Oxford, Mississippi 38655
601-202-1185
denise@hickmanfondren.com

*Attorneys for Plaintiffs*