## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**PRESIDENT MANUEL**                                                            **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:20-CV-65-CWR-FKB**

**JACKSON HMA, LLC,**                                         **DEFENDANT**
*doing business as* **Merit Health Central**

### ORDER OF REMAND

This case is before the Court on its own motion. *See Lewis v. Hunt*, 492 F.3d 565, 568 (5th Cir. 2007) ("[F]ederal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary.").

"In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). "[B]are allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." *Id.* (citation, quotation marks, and brackets omitted).

Here, the plaintiff's complaint does not allege a specific amount of damages, and the notice of removal contains only bare allegations that the amount in controversy exceeds $75,000. That is not enough. *See id.* at 1254 ("Conclusional allegations are insufficient to establish jurisdiction.").

The notice of removal instead contends that the plaintiff's request for unspecified punitive damages is sufficient to satisfy the amount in controversy requirement. In recent years, however, at least three Judges in this District have "look[ed] more rigorously at the complaint's factual allegations to determine whether the combination of compensatory and [unspecified]

punitive damages could truly support a recovery above $75,000." *Evans v. Red Shield Admin., Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *1 (S.D. Miss. Aug. 17, 2018) (collecting cases). Based on those decisions, the better-reasoned conclusion is that "an unspecified punitive damages demand is itself *insufficient* to meet the amount in controversy requirement. *Id.* at *2.

Accordingly, the case is remanded to state court, without prejudice to its subsequent removal should another paper or pleading meet the amount in controversy requirement.[1]

**SO ORDERED**, this the 4th day of February, 2020.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g.*, *Powell v. Target Corp.*, No. 3:16-CV-127-CWR-LRA, 2016 WL 4573974, at *3-4 (S.D. Miss. Sept. 1, 2016) (response to interrogatory met other paper requirement); *Grayson v. Moncla Well Serv., Inc.*, 844 F. Supp. 2d 789, 793 (S.D. Miss. 2011) (settlement demand met other paper requirement); *Ellis v. Piccadilly Restaurants, LLC*, No. 3:11-CV-394-CWR-FKB, 2011 WL 8198686, at *3 (S.D. Miss. Sept. 26, 2011) (notice of default judgment met other paper requirement).